IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WESLEY PROVIDENCE and
EURAMEX MANAGEMENT
GROUP, LLC,

        Plaintiffs,

v.

CHARLENE JOHNSON, and All
Others,

        Defendants.

1:16-cv-0074-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Charlene Johnson's ("Defendant") Objections [5] to Magistrate Judge J. Clay Fuller's Final Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

## I.   BACKGROUND

On December 22, 2015, Plaintiff "Wesley Providence Euramex Management Group LLC"[1] ("Plaintiff") initiated a dispossessory proceeding

---

[1]     It appears that Euramex Management Group, LLC is the property management company, which brought suit on behalf of Wesley Providence.

against Defendant in the Magistrate Court of DeKalb County, Georgia.[2]  The Complaint seeks possession of premises currently occupied by Defendant and seeks past due rent, fees and costs.

On January 11, 2016, Defendant, proceeding *pro se*, removed the DeKalb County action to this Court by filing her Petition for Removal and an application to proceed *in forma pauperis* ("IFP") [1].  Defendant appears to assert that there is federal subject matter jurisdiction because there is in the case a question of federal law.  In her Petition for Removal, Defendant claims that Plaintiff violated "15 USC 1692 [sic]" and Rule 60 of the Federal Rules of Civil Procedure, "having a legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6," and the Due Process "Clauses" of the Fourteenth Amendment.  (Pet. For Removal [1.1 at 2]).

On January 19, 2016, Magistrate Judge Fuller granted Defendant's application to proceed IFP.  The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction.  The Court found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of DeKalb County.  The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims.  Because a federal law

---

[2]    No. 15D68187

defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter. The Magistrate Judge did not consider whether subject-matter jurisdiction could be based on diversity of citizenship because Defendant, in her Petition for Removal, appeared to base subject-matter jurisdiction only on federal question.

On February 5, 2016, Defendant filed her Objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must

conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).[3]

B.   Analysis

Defendant does not object to the R&R's conclusion that Plaintiff's Complaint does not present a federal question.  The Court does not find any plain error in this conclusion.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).

To the extent Defendant conclusorily claims in her Objections that diversity exists, Defendant fails to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds the statutory

---

[3]   To the extent Defendant asserts in her objections that the R&R is "unconstitutional with respect to the 'DUE PROCESS CLAUSES' 15th Amendment & 5th Amendment's Due Process [sic]," Defendant's objections do not address the Magistrate Judge's reasons for recommending remand.  (Obj. at 2); See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court.").  These are not valid objections, and the Court will not consider them.

threshold of $75,000.  See 28 U.S.C. § 1332(a).  Even if there is complete diversity between the parties, the amount-in-controversy requirement cannot be satisfied because this is a dispossessory action.  The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied.  See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002).  The Complaint here seeks possession of property Defendant currently possesses.  The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.  See Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").  The Court concludes that diversity jurisdiction is not present in this action and Defendant's objection based on diversity jurisdiction is overruled.

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at

any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[4]

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Objections [5] are **OVERRULED.**

**IT IS FURTHER ORDERED** that Magistrate Judge J. Clay Fuller's Report and Recommendation [3] is **ADOPTED.**

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 24th day of February, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Even if subject-matter jurisdiction existed, the Court notes that it is unable to grant Defendant the relief she seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.